**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 10-CV-01489-RPM-KMT

PUBLIO CARDENAS,

    Plaintiff,

v.

TRELLEBORG SEALING SOLUTIONS US, INC.,

    Defendants.

---

**PROTECTIVE ORDER**

---

Upon a showing of good cause, the following Protective Order is entered by the Court:

1.    This Stipulated Protective Order shall apply to all documents, electronically stored information ("ESI"), materials, and other information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information or data disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and includes ESI. A draft or non-identical copy is a separate document within the meaning of this term.

3.    As used in this Protective Order, a document or information may be designated as "CONFIDENTIAL" if it contains confidential financial, business, or health related information, or other confidential, non-public information pertaining to Plaintiff, Defendant's current or former employees, or Defendant's business operations and practices.

4. CONFIDENTIAL INFORMATION shall be used for the sole, strict and limited purpose of the preparation and trial of this action, and shall not be used for any other purpose.

5. Confidential documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. the parties;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees ("Court Personnel");

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. deponents, witnesses, or potential witnesses; and

   h. other persons by written agreement of the parties.

6. Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to

8.  A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, consistent with D.C.COLO.LCivR 7.1B, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the designating party, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties elect to destroy CONFIDENTIAL documents, the destroying

10. Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, CONFIDENTIAL INFORMATION that such party produced and designated as CONFIDENTIAL INFORMATION in connection with this action.

11. Nothing herein shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

12. The parties shall comply with D.C.COLO.LCivR 7.2 with respect to the filing of CONFIDENTIAL INFORMATION, and shall endeavor to minimize the need to file materials under seal by redacting information such as the full names of current or former employees of Defendant other than the Plaintiff, or by seeking agreement from the other side that seeking to seal the CONFIDENTIAL INFORMATION is not necessary.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 25th day of April, 2011.

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch
Senior U.S. District Court Judge